UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, § <br> Plaintiff, § <br> § <br> § <br> Approximately $834,157.50 § <br> in Funds Seized from Prosperity Bank § <br> Checking Account XXXXX9032 § <br> Defendant. § | CIVIL ACTION NO. 4:23-cv-00264 |

**UNITED STATES' MOTION FOR DEFAULT JUDGMENT
AND FINAL JUDGMENT OF FORFEITURE**

The United States moves for a Default Judgment and Final Judgment of Forfeiture against Defendant, $834,157.50 in United States Currency, pursuant to Fed. R. Civ. P. 55 and Rules A and G of the Supplemental Rules for Admiralty or Maritime Claims and Asset Forfeiture Actions.

**Procedural Background**

1.   On February 10, 2021, the United States filed a Verified Complaint for Forfeiture in Rem against $834,157.50 in U.S. Currency seized from Prosperity Bank Checking Account ending in 9032 (the "Defendant Property"). The complaint, incorporated herein by reference, asserts that the Defendant Property constitute proceeds of wire fraud, relating a to business email compromise scheme, and is subject to forfeiture under 18 U.S.C. § 981(a)(1)(C), which provides for the forfeiture of any property, real or personal, which constitutes or is derived from proceeds traceable to any offense constituting "specified unlawful activity" (as defined in 18 U.S.C. § 1956(c)(7)), or a

conspiracy to commit such offense. Title 18 U.S.C. § 1343 (wire fraud) is "specified unlawful activity" pursuant to 18 U.S.C. §1956(c)(7) (Doc. No. 1).

**Notice and Publication**

2.  In accordance with Rule G(4)(b) of the Supplemental Rules for Admiralty or Maritime Claims and Asset Forfeiture Actions (the "Supplemental Rules") the United States sent direct notice of this action and a copy of the United States complaint to all persons who reasonably appear to be a potential claimant in this action. Specifically, on January 26, 2023, the United States sent notice via first-class mail and certified mail, return receipt requested, to potential claimant H&H Engineering and Construction (Doc. No. 8, Exhibit A, p. 1-3 (Notice and Service of Complaint)).

3.  The United States further published notice of this judicial forfeiture action on an official government internet site (www.forfeiture.gov) for at least 30 consecutive days beginning on March 17, 2023, in accordance with Supplemental Rule G(4)(a)(iv)(C) (Doc. No. 6). The deadline to file a claim upon publication notice was Tuesday, May 16, 2023 which was sixty (60) days from the first day of publication. *See* Rule G(5)(a)(ii)(B).

4.  Supplemental Rule G(5) requires claims and answers to be timely filed. According to Rule G(5), a verified statement identifying the claimant's interest or right in the Defendant Property must be filed within thirty-five (35) days after the actual notice of the forfeiture action is sent or no later than thirty (30) days after completed publication notice under Rule G(4); and an answer is due 21 days after filing the statement. *See* 18 U.S.C. § 983(a)(4)(A); Supplemental Rule G(5)(a)(ii)(A) and (B).

5.   To date, no one has filed a claim or answer contesting the forfeiture in accordance with Rule G(5) of the Supplemental Rules, and the deadline for filing a claim and answer has passed. The entry of default judgment and final judgment of forfeiture[1] should, therefore, be granted.

## Prayer

The United States has provided proper notice of forfeiture pursuant to Supplemental Rule G, and no person has filed a claim in this action. The United States, therefore, moves for a Default Judgment and Final Judgment of Forfeiture against the Defendant Property pursuant to Rule 55, Fed. R. Civ. P.

Respectfully submitted,

ALAMDAR S. HAMDANI
United States Attorney

By:   /s/ Rick Blaylock
Rick Blaylock
SDTX Federal No. 3544108
Assistant United States Attorney
1000 Louisiana, Suite 2300
Houston, Texas 77002
Telephone (956) 566-2132
Rick.Blaylock.Jr@usdoj.gov

---

[1] After the issuance of a final judgment of forfeiture, victims of the fraud giving rise to this forfeiture will have the opportunity to petition the Attorney General for remission of the forfeited funds pursuant to 28 CFR Part 9, by submitting a petition to the U.S. Attorney's Office (which is the mechanism used in the absence of a criminal case with a restitution order). See 18 U.S.C. § 981(e)(6) (providing that the Attorney General may transfer forfeited property "as restoration to any victim of the offense giving rise to the forfeiture"); 18 U.S.C. §981(d) ("The Attorney General has sole responsibility for disposing of petitions for remission or mitigation with respect to property involved in a judicial forfeiture proceeding.").

## CERTIFICATE OF SERVICE

      A true and correct copy of this pleading was filed via electronic court filing on May 18, 2023. There are no parties to the case to be served, as no one has filed a claim or answer.

                                    /s/ Rick Blaylock
                                    Rick Blaylock
                                    Assistant U.S. Attorney